IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: § § AMERICAN HOME MORTGAGE § HOLDINGS, INC., § et al., § § Debtors. § | | Chapter 11 Case No. 07-11047 (CSS) (Jointly Administered) |

| | | |
|---|---|---|
| CALYON NEW YORK BRANCH § § Plaintiff and § Counterclaim Defendant, § § v. § § AMERICAN HOME § MORTGAGE CORP., AMERICAN HOME § MORTGAGE SERVICING, INC., § AMERICAN HOME MORTGAGE § ACCEPTANCE, INC., and § AMERICAN HOME MORTGAGE § INVESTMENT CORP., § § Defendants and § Counterclaim Plaintiffs. § | | Adversary No. 07-51704 |

## ANSWER OF CALYON NEW YORK BRANCH
## TO FIRST COUNTERCLAIM[1]

Calyon New York Branch, as Administrative Agent ("Calyon" or "Counterclaim Defendant"), submits the following as and for its Answer to the First Counterclaim (the "Counterclaim") filed by American Home Mortgage Corp., American Home Mortgage

---

[1] Per a stipulated agreement with the Debtors (the "Stipulation"), Calyon's affirmative defenses and counter claims are limited to certain issues as set forth in the Stipulation and failure to raise additional affirmative defenses and counter claims is specifically reserved until a future date and shall not constitute a waiver of those claims and defenses.

Servicing, Inc., American Home Mortgage Acceptance, Inc., and American Home Mortgage Investment Corp. (collectively "Debtors" or "Counterclaim Plaintiffs"):

## PRELIMINARY STATEMENT

1. In response to the allegations contained in the first sentence of paragraph 1 of the Counterclaim, Calyon admits that it is a party to the Repurchase Agreement (as defined in the Complaint filed by Calyon in this adversary proceeding), which the Debtors refer to in the Counterclaim as the "Calyon Agreement," and refers the Court to the Repurchase Agreement for its true, correct and complete terms. Calyon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 1 of the Counterclaim and therefore denies them. Calyon admits that the Counterclaim Plaintiffs maintain the other allegations contained in paragraph 1 of the Counterclaim, but Calyon denies such allegations.

## JURISDICTION

2. Calyon admits the allegations contained in paragraph 2 of the Counterclaim.

3. Calyon admits the allegations contained in paragraph 3 of the Counterclaim.

4. Calyon admits the allegations contained in paragraph 4 of the Counterclaim.

## FACTUAL BACKGROUND

**A.  The Loan Agreement**

5. Calyon admits that it entered into the Loan Agreement as alleged in the first sentence of paragraph 5 of the Counterclaim. Answering further, the Loan Agreement is the best evidence of its terms and conditions, and to the extent the remaining allegations in paragraph 5 of the Counterclaim are inconsistent with the Loan Agreement they are denied.

6.   Calyon denies the allegations contained in paragraph 6 of the Counterclaim to the extent they are inconsistent with the Loan Agreement and answering further states that the Loan Agreement is the best evidence of its terms and conditions.

**B.   The Calyon Agreement**

7.   Calyon denies the allegations contained in paragraph 7 of the Counterclaim, except Calyon admits that it is a party to the Repurchase Agreement, and answering further states that the Repurchase Agreement is the best evidence of its terms and conditions.

8.   Calyon denies the allegations contained in paragraph 8 of the Counterclaim.

9.   Calyon denies the allegations contained in paragraph 9 of the Counterclaim to the extent they are inconsistent with the Repurchase Agreement and answering further states that the Repurchase Agreement is the best evidence of its terms and conditions.

10.  Calyon denies the allegations contained in paragraph 10 of the Counterclaim to the extent they are inconsistent with the Repurchase Agreement and answering further states that the Repurchase Agreement is the best evidence of its terms and conditions.

11.  Calyon denies the allegations contained in paragraph 11 of the Counterclaim.

12.  Calyon denies the allegations contained in paragraph 12 of the Counterclaim.

13.  Calyon denies the allegations contained in paragraph 13 of the Counterclaim.

14.  Calyon denies the allegations contained in the first sentence of paragraph 14 of the Counterclaim. Calyon denies the allegations contained in the second sentence of paragraph 14 of the Counterclaim to the extent they are inconsistent with the Repurchase Agreement and answering further states that the Repurchase Agreement is the best evidence of its terms and conditions.

15.  Calyon denies the allegations contained in paragraph 15 of the Counterclaim.

16. Calyon denies the allegations contained in paragraph 16 of the Counterclaim, except that Calyon admits that AHMS (as defined in the Counterclaim) initially was designated by Calyon as Servicer under the Repurchase Agreement, and answering further states that the Repurchase Agreement is the best evidence of its terms and conditions.

17. Calyon denies the allegations contained in paragraph 17 of the Counterclaim.

18. Calyon denies the allegations contained in paragraph 18 of the Counterclaim.

19. Calyon denies the allegations contained in paragraph 19 of the Counterclaim.

20. Calyon denies the allegations contained in paragraph 20 of the Counterclaim.

21. Calyon denies the allegations contained in paragraph 21 of the Counterclaim.

## COUNT I
(Declaratory Judgment)

22. Calyon restates and incorporates by reference the responses to the allegations contained in paragraphs 1 through 21 of the Counterclaim as if fully set forth herein.

23. Calyon states that the allegations contained in paragraph 23 of the Counterclaim call for a legal conclusion to which no answer is required. To the extent an answer is required, Calyon denies the allegations contained in paragraph 23.

24. Calyon denies the allegations contained in paragraph 24 of the Counterclaim.

25. Calyon denies the allegations contained in paragraph 25 of the Counterclaim.

26. Calyon denies the allegations contained in paragraph 26 of the Counterclaim.

27. Any allegations in the Counterclaim not specifically admitted are denied.

28. Calyon denies that the Debtors are entitled to the relief sought in the Counterclaim.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Repurchase Agreement constitutes a "repurchase agreement" within the meaning of sections 101(47) of the Bankruptcy Code. More particularly, the Repurchase Agreement provides for the transfer of one or more mortgage loans or interests in mortgage loans against the transfer of funds by the transferee of such mortgage loans or interests, with a simultaneous agreement by such transferee to transfer to the transferor thereof mortgage loans or interests in mortgage loans at a date certain not later than 1 year after such transfer or on demand, against the transfer of funds. Thus, the issues the Counterclaim Plaintiffs attempt to raise regarding whether the Repurchase Agreement is a true sale or a secured financing are irrelevant, and the Counterclaim should be dismissed.

## THIRD AFFIRMATIVE DEFENSE

Recharacterizing the Repurchase Agreement as a secured financing would violate the intent of Congress in broadening the safe harbor provisions of section 555 of the Bankruptcy Code, which applies to the Repurchase Agreement because (1) the Repurchase Agreement is a securities contract as defined by section 741(7) of the Bankruptcy Code; and (2) Calyon is a protected party because it is a financial institution as defined by section 101(22) of the Bankruptcy Code and a financial participant as defined by section 101(22A) of the Bankruptcy Code. Thus, the issues the Counterclaim Plaintiffs attempt to raise regarding whether the Repurchase Agreement is a true sale or a secured financing are irrelevant, and the Counterclaim should be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

The Mortgage Files and Mortgage Funds (each as defined in the Complaint) are not property of the Debtors' estates, and instead are property of Calyon.

WHEREFORE Calyon respectfully requests that this Court dismiss the Counterclaim with prejudice and grant to Calyon such other and further relief as is appropriate, including without limitation, its attorneys' fees and costs incurred regarding the Counterclaim.

Dated: September 20, 2007     ECKERT SEAMANS CHERIN & MELLOTT, LLC

_____
Michael G. Busenkell (No. 3933)
Margaret F. England
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
Telephone: (302) 425-0430
Telecopier: (302) 425-0432

-and-

Benjamin C. Ackerly
Jason W. Harbour (DE No. 4176)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East tower
951 E. Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Telecopier: (804) 788-8218

-and-

Peter S. Partee
Scott H. Bernstein
200 Park Avenue, 53rd Floor
New York, New York 100166-0136
Telephone: (212) 309-1000
Telecopier: (212) 309-1100

-and-

Lynnette R. Warman
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone: (214) 468-3300
Telecopier: (214) 468-3599

Counsel to Calyon New York Branch