**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ----------------------------------------------------------------- x | | |
| In re: | : | Chapter 11 Case No. |
| | : | |
| AMERICAN HOME MORTGAGE | : | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| ----------------------------------------------------------------- x | | |
| Calyon New York Branch, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Proc. No. 07-51704 (CSS) |
| | : | |
| American Home Mortgage Corp., American Home Mortgage Servicing, Inc., American Home Mortgage Acceptance, Inc., and American Home Mortgage Investment Corp., | : | Docket Ref. Nos. 22 and 25 |
| | : | |
| Debtor-Defendants and Counterclaim Plaintiffs. | : | |
| ----------------------------------------------------------- x | | |

**DEFENDANTS' EMERGENCY MOTION TO STRIKE MOTION
FOR SUMMARY JUDGMENT OF CALYON NEW YORK BRANCH
<u>REGARDING FIRST COUNTERCLAIM</u>**

The above-captioned debtor-defendants and counterclaim plaintiffs (the "<u>Debtors</u>") hereby move (the "<u>Motion</u>") this Court to strike the Motion for Summary Judgment of Calyon New York Branch Regarding First Counterclaim, [D.I. 22] (the "<u>Calyon Motion</u>"), and the Opening Brief in Support of Motion for Summary Judgment of Calyon New York Branch Regarding First Counterclaim, [D.I. 25] (the "<u>Calyon Brief</u>"), which were filed by Calyon New York Branch ("<u>Calyon</u>") on September 21, 2007. The Calyon Motion and Brief should be stricken by the Court because they are inconsistent with the spirit and purpose of conducting these recharacterization trials on a "fast track" and offend the intent of the

Stipulation, Pursuant to Fed. R. Bankr. P. 7043(b), Governing Limited Coordination of Discovery and Trial (the "Scheduling Stipulation") signed by Calyon and the Debtors, and attached hereto as Exhibit A.[1]  In support of this Motion, the Debtors state as follows:

## BACKGROUND

1. Shortly after the commencement of the above-captioned chapter 11 cases, three of the Debtors' warehouse lenders – specifically, Calyon, Credit Suisse First Boston Mortgage Capital LLC ("Credit Suisse"), and Bear Stearns Mortgage Capital Corporation and EMC Mortgage Corporation (collectively, "Bear Stearns") – initiated adversary proceedings[2] seeking, among other things, injunctive and declaratory relief relating to their various secured lending agreements with the Debtors (the "Purported Repurchase Agreements"), including an order directing that the Debtors transfer to the Plaintiffs certain records relating to the servicing of the mortgage loans that are the subject of the Purported Repurchase Agreements.

2. The Plaintiffs requested that the Adversary Proceedings be "fast tracked" – relief the Debtors opposed to avoid needless distraction from their chapter 11 reorganization efforts.  Ultimately, however, the Debtors agreed that, with respect to discrete issues relating to the appropriate characterization of the Purported Repurchase Agreements, discovery and trial could proceed on an accelerated basis.

---

[1] Counsel for the Debtors are awaiting the final signature page (from Credit Suisse, as hereinafter defined) and will file the Scheduling Stipulation in each of the Adversary Proceedings (as hereinafter defined) upon receipt thereof.  All parties to the Scheduling Stipulation agreed to the current version of the document on or about September 14, 2007.

[2] Credit Suisse First Boston Mortgage Capital LLC v. American Home Mortgage Corp., et al., Adv. Proc. No. 07-51684 (Bankr. D. Del.) (the "Credit Suisse Adversary"); Bear Stearns Mortgage Capital Corp., et al. v. American Home Mortgage Inv. Corp., et al., Adv. Proc. No. 07-51701 (Bankr. D. Del.) (the "Bear Stearns Adversary"); and (c) the above-captioned adversary proceeding (the "Calyon Adversary," and, with the Credit Suisse Adversary and the Bear Stearns Adversary, the "Adversary Proceedings").  Bear Stearns, Credit Suisse, and Calyon shall be referred to collectively as "Plaintiffs."

3. The Debtors and the Plaintiffs negotiated the Scheduling Stipulation to coordinate expedited discovery and trial. It provides, among other things, that:

> a. three "triple tracked" trials (the "Phase I Trials," as defined in the Scheduling Stipulation) will commence on October 16, 2007 with respect to the re-characterization issues outlined in paragraph 2 thereof;[3]
>
> b. the Debtors will answer the complaints filed by Calyon and Bear Stearns (in their respective Adversary Proceedings) and assert the Debtors' counterclaims on September 11, 2007;[4]
>
> c. ***"Plaintiffs will …[not] move to dismiss any such counterclaim*** [i.e., filed by the Debtors];"[5]
>
> d. the parties will produce documents on September 26, 2007 and conduct depositions between October 2 and October 10, 2007; and
>
> e. on October 15, 2007, each party may file a pre-trial memorandum, but "Plaintiffs' pretrial memorandum will not exceed twenty (20) pages, and Defendants' pretrial memorandum will not exceed twenty-five (25) pages."[6]

4. In accordance with the Scheduling Stipulation, on September 11, 2007, the Debtors timely answered Calyon's complaint and asserted a single counterclaim (the "Counterclaim"). The Counterclaim maintains, among other things, that Calyon's Purported Repurchase Agreement (a) is not a "repurchase agreement" as that term is defined in section 101(47) of the Bankruptcy Code, (b) is not a "true sale," and (c) is a disguised secured financing. On September 21, 2007, ***prior to*** the production of a single document or the scheduling (or occurrence) of a single deposition, Calyon filed its motion for summary judgment, asserting

---

[3] See Scheduling Stipulation ¶¶ 1-2.

[4] The Debtors filed their Answer and First Counterclaim in the CSFB Adversary Proceeding on August 31, 2007 pursuant to a separate scheduling stipulation entered into among Credit Suisse and the Debtors (which was superseded by the Scheduling Stipulation).

[5] See Scheduling Stipulation ¶ 4 (emphasis added). Similarly, the Debtors agreed it would not move to dismiss the Bear Stearns and Calyon complaints. See id.

[6] See Scheduling Stipulation ¶ 14. Indeed, the pre-trial memoranda provision was heavily negotiated. The Debtors initially requested that the parties refrain from submitting any pre-trial memoranda, given the compressed schedule and the need for the Debtors to address three (3) separate Plaintiffs. Ultimately, a compromise resulted in the page limitations.

3

"there are no material facts in dispute and, under the relevant authorities, Calyon is entitled to summary judgment against the Debtors regarding the Counterclaim." (Calyon Motion at 2.)

**RELIEF REQUESTED**

5. By this Motion, the Defendants respectfully request an order striking the Calyon Motion and Brief and relieving the Defendants of any obligation to respond thereto. The Defendants further request that an emergency hearing or teleconference on this Motion be scheduled at the Court's earliest convenience.

**ARGUMENT**

**The Motion is Inconsistent With the Expedited Schedule**

6. The Calyon Motion is inconsistent with the purpose of proceeding on an expedited schedule. The Phase I trials are scheduled to commence on October 16, 2007. Layering a dispositive motion on top of an already compressed discovery schedule is inconsistent with the goal of proceeding on a "fast track" to trial. In fact, recognizing the distraction and delay that dispositive motion practice entails, the parties already agreed to dispense with "Rule 12(b)" motions with respect to the complaints and counterclaims. The same considerations should apply to motions for summary judgment.

**Calyon Effectively "Moved To Dismiss" Under Rule 12(b)**

7. The Scheduling Stipulation provides expressly that neither party will submit "motions to dismiss" the respective complaints and counterclaims. See Scheduling Stipulation ¶ 5. Admittedly, the Calyon Motion is not styled as a Rule 12(b) "motion to dismiss" -- but it has the same effect. By filing the Calyon Motion before a single document has been produced or a single deposition has been taken, Calyon effectively moved to dismiss the Counterclaim on its face, i.e., for "failure to state a claim upon which relief can be granted."

4

Indeed, the Calyon Motion is not substantiated by documents produced during discovery or by deposition transcripts. Calyon instead relies on "the Complaint, including the Exhibits thereto, and the Declaration [of Alan Sidrain In Support Of Complaint And Request For Declaratory Judgment] . . . ." (Calyon Brief at 1.)

**Judicial Resources Will Not Be Conserved**

8. Moreover, the purposes of summary judgment, specifically expedition and the conservation of judicial resources, will not be served if Calyon can proceed.[7] Instead, the estates' resources will be depleted needlessly in responding to the Calyon Motion and Brief, a distraction not only from the expedited Phase I Trials (and related discovery), but from the chapter 11 reorganization effort.

9. Accordingly, the Debtors submit the Calyon Motion and Calyon Brief should be stricken, and the Debtors sh old be excused from responding to the same. Instead, the Debtors should concentrate on completing expedited discovery and preparing for trial on October 16, 2007, rather than preparing an unnecessary response to the Calyon Motion and Calyon Brief.

---

[7] See, e.g., Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 2712 ("Federal courts have verbalized the purpose of Rule 56 in a variety of ways. They have said that the rule is intended to prevent vexation and delay, improve the machinery of justice, promote the expeditious disposition of cases, and avoid unnecessary trial when no genuine issues of fact have been raised").

5
DB02:6256057.2                                                                          066585.1001

WHEREFORE, the Debtors respectfully request that the Court strike the Calyon Motion and Brief and excuse the Debtors from responding to the same.

Dated: September 24, 2007
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Sharon M. Zieg -----------------------------------------
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
John T. Dorsey (No. 2988 )
Sharon M. Zieg (No. 4196)
Erin D. Edwards (No. 4392)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

- and -

QUINN EMANUEL URQUHART
OLIVER & HEDGES LLP
Susheel Kirpalani
James C. Tecce
51 Madison Avenue
New York, New York 10010
Telephone: (212) 849-7000

Counsel for Debtors and Debtors in Possession

# **EXHIBIT A**

**Scheduling Stipulation**

DB02:6256057.2 066585.1001